T.C. Memo. 2002-159


UNITED STATES TAX COURT


LOUIS S. AND LAURA L. SCHNITZLER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13244-01L.                  Filed June 24, 2002.


Louis S. and Laura L. Schnitzler, pro sese.

<u>Laurence K. Williams</u> and <u>Thomas R. Mackinson</u>, for
respondent.


MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>: This matter is before
the Court on respondent's motion for summary judgment, as
supplemented, filed pursuant to Rule 121.[1] Respondent contends

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
                                                (continued...)

that there is no dispute as to any material fact with respect to this levy action, and that respondent's determination to proceed with collection of petitioners' outstanding tax liabilities for 1996 and 1997 should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As explained in detail below, there is no genuine issue as to any material fact and a decision may be rendered as a matter

[1](...continued)
are to the Tax Court Rules of Practice and Procedure.

of law. Accordingly, we shall grant respondent's motion for summary judgment, as supplemented.

Background

On May 9, 1997, and June 18, 1998, petitioners submitted to respondent joint Forms 1040, U.S. Individual Income Tax Return, for 1996 and 1997, respectively. Petitioners entered zeros on every line of the income sections of the Forms 1040, specifically including line 7 for wages and line 22 for total income.

On August 6, 1999, respondent issued a joint notice of deficiency to petitioners determining a deficiency of $27,771 in their Federal income tax for 1996 and an accuracy-related penalty under section 6662(a) of $5,551.40. The deficiency was based on respondent's determination that petitioners failed to report nonemployee compensation, interest income, and a distribution from a retirement account as reported to respondent by third-party payors on Forms 1099.

On August 6, 1999, respondent issued a joint notice of deficiency to petitioners determining a deficiency of $30,147 in their Federal income tax for 1997 and an accuracy-related penalty under section 6662(a) of $6,028.60. The deficiency was based on respondent's determination that petitioners failed to report nonemployee compensation, interest income, and a distribution from a retirement account as reported to respondent by third-party payors on Forms 1099.

By letter dated October 5, 1999, petitioners wrote to the Director of respondent's Service Center in Ogden, Utah, acknowledging that they received the notice of deficiency for 1996, but challenging the Director's authority to issue such notices. On October 20, 1999, petitioners wrote a similar letter to the Director with regard to the notice of deficiency for 1997.

Petitioners knew that they had the right to contest respondent's deficiency determinations by filing a petition for redetermination with this Court. However, petitioners chose not to do so.

On January 3, 2000, respondent entered assessments against petitioners for the deficiency and accuracy-related penalty determined in the notice of deficiency for 1997 described above. Respondent also entered an assessment against petitioners for statutory interest. On January 3, 2000, respondent issued to petitioners a notice of balance due informing petitioners that they owed tax for 1997 and requesting that they pay that amount. Petitioners failed to pay the amount owing.

On February 7, 2000, respondent entered assessments against petitioners for the deficiency and accuracy-related penalty determined in the notice of deficiency for 1996 described above. Respondent also entered an assessment against petitioners for statutory interest. On February 7, 2000, respondent issued to petitioners a notice of balance due informing petitioners that

they owed tax for 1996 and requesting that they pay that amount. Petitioners failed to pay the amount owing.

On October 1, 2000, respondent mailed to petitioners a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing with regard to their tax liabilities for 1996 and 1997. On October 10, 2000, petitioners filed with respondent a Form 12153, Request for a Collection Due Process Hearing. Petitioners' request included a challenge to the validity of the assessments and assertions that respondent failed to serve petitioners with valid notices and demand for payment or valid notices of deficiency.

By letter dated May 17, 2001, Appeals Officer Joe Gurnaby provided petitioners with transcripts of their accounts for 1996 and 1997 reflecting the assessments described above. On August 31, 2001, Appeals Officer Gurnaby conducted an Appeals Office hearing in this matter that petitioner Laura Schnitzler attended.

On October 4, 2001, respondent issued petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. The notice stated that the Appeals Office determined that it was appropriate to proceed with the collection of petitioners' outstanding tax liabilities for 1996 and 1997. On November 2, 2001, petitioners filed with the Court a joint petition for lien or levy action seeking review of respondent's

notice of determination.[2]

As indicated, respondent filed a motion for summary judgment asserting that there is no dispute as to a material fact and that respondent is entitled to judgment as a matter of law. In particular, respondent contends that, because petitioners acknowledge that they received the notices of deficiency for 1996 and 1997, they cannot challenge the existence or amounts of their underlying tax liabilities for those years in this proceeding. Respondent further asserts that the Appeals officer's review of transcripts of account for 1996 and 1997 satisfied the verification requirement imposed under section 6330(c)(1) and demonstrates that petitioners were issued a notice and demand for payment.

Petitioners filed an objection to respondent's motion repeating the various challenges first raised in their request for an administrative hearing. Thereafter, pursuant to notice, respondent's motion was called for hearing at the Court's motions session in Washington, D.C.

Following the hearing, the Court directed respondent to file a supplement to his motion for summary judgment providing the Court with Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, with regard to petitioners' accounts for 1996 and 1997. Respondent complied with the Court's order.

---

[2] At the time that the petition was filed, petitioners resided in Willits, California.

Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy on the person's property. Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing. In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an

Appeals Office hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability.  See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra.  Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

Petitioners challenge the assessments entered against them on the ground that the notices of deficiency for 1996 and 1997 are invalid.  However, the record shows that petitioners received the notices of deficiency and disregarded the opportunity to file a petition for redetermination with the Court.  It follows that section 6330(c)(2)(B) bars petitioners from challenging the existence or amount of their underlying tax liabilities for 1996 and 1997 in this collection review proceeding.

Even if petitioners were permitted to challenge the validity of the notices of deficiency, petitioners' argument that the notices are invalid because respondent's Service Center director is not properly authorized to issue notices of deficiency is frivolous and groundless.  See Nestor v. Commissioner, 118 T.C. 162 (2002); Smeton v. Commissioner, T.C. Memo. 2002-140; Coleman v. Commissioner, T.C. Memo. 2002-132.  As the Court of Appeals for the Fifth Circuit has remarked:  "We perceive no need to refute these arguments with somber reasoning and copious citation

of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

We likewise reject petitioners' argument that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1). The record shows that the Appeals officer obtained and reviewed transcripts of account with regard to petitioners' taxable years 1996 and 1997.

Federal tax assessments are formally recorded on a record of assessment. Sec. 6203. "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein. Weishan v. Commissioner, T.C. Memo. 2002-88; Lindsey v. Commissioner, T.C. Memo. 2002-87; Tolotti v. Commissioner, T.C. Memo. 2002-86; Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51. In this regard, we observe that the transcripts of account on which the Appeals officer relied contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs. See

<u>Weishan v. Commissioner</u>, <u>supra</u>; <u>Lindsey v. Commissioner</u>, <u>supra</u>; <u>Tolotti v.Commissioner</u>, <u>supra</u>; <u>Duffield v. Commissioner</u>, <u>supra</u>; <u>Kuglin v. Commissioner</u>, <u>supra</u>.

Petitioners also contend that they never received a notice and demand for payment for 1996 or 1997. The requirement that the Secretary issue a notice and demand for payment is set forth in section 6303(a), which provides in pertinent part:

> SEC. 6303(a). General Rule.--Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof.
> * * *

The Forms 4340 that respondent provided to the Court show that notices of balance due were issued to petitioners on the same dates that respondent entered assessments against petitioners for the taxes and accuracy-related penalties set forth in the notices of deficiency for 1996 and 1997. We hold that a notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a). See, e.g., <u>Hughes v. United States</u>, 953 F.2d 531, 536 (9th Cir. 1992); <u>Weishan v. Commissioner</u>, <u>supra</u>.

Petitioners have not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the transcripts of account or Forms 4340. See <u>Nestor v.</u>

Commissioner, supra at 167; Mann v. Commissioner, T.C. Memo.
2002-48.  Accordingly, we hold that the Appeals officer satisfied
the verification requirement of section 6330(c)(1).  Cf. Nicklaus
v. Commissioner, 117 T.C. 117, 120-121 (2001).

Petitioners have failed to raise a spousal defense, make a
valid challenge to the appropriateness of respondent's intended
collection action, or offer alternative means of collection.
These issues are now deemed conceded.  Rule 331(b)(4).  Under the
circumstances, we conclude that respondent is entitled to
judgment as a matter of law sustaining the notice of
determination dated October 4, 2001.

As a final matter, we mention section 6673(a)(1), which
authorizes the Tax Court to require a taxpayer to pay to the
United States a penalty not in excess of $25,000 whenever it
appears that proceedings have been instituted or maintained by
the taxpayer primarily for delay or that the taxpayer's position
in such proceeding is frivolous or groundless.  The Court has
indicated its willingness to impose such penalties in collection
review cases.  Pierson v. Commissioner, 115 T.C. 576 (2000).
Although we will not impose a penalty on petitioners pursuant to
section 6673(a)(1) in the present case, we admonish petitioners
that the Court will consider imposing such a penalty should they

return to the Court in the future and advance frivolous or groundless arguments.

To reflect the foregoing,

<u>An order and decision will be entered granting respondent's motion for summary judgment, as supplemented</u>.